## COCA COLA BOTTLING WORKS v. UNITED STATES OF AMERICA.

### Civ. No. 347.

District Court, M. D. Tennessee,
Nashville Division.

Feb. 1, 1944.

Marion Smith, of Atlanta, and William Waller, of Nashville, Tenn., for plaintiff.

A. O. Denning, Asst. U. S. Atty., of Nashville, Tenn., and Mills Kitchin, Atty., Department of Justice, of Washington, D. C., for defendant.

DAVIES, District Judge.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendant, and after due consideration thereof the court enters its findings of fact and conclusions of law as follows:

### Findings

1. By letter dated October 12, 1940, the Commissioner of Internal Revenue determined a deficiency against plaintiff which included a surtax under Section 102 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev. Acts, page 851, in the amount of $11,003.37 for 1936 and $10,020.18 for 1937. On January 31, 1941, plaintiff paid under protest said amounts, together with interest of $2,558.30 for 1936 and $1,728.47 for 1937, or a total of $25,310.32. Claims for refund were duly filed and were rejected and denied in full on March 10, 1942, whereupon plaintiff filed suit to recover said amount of $25,-310.32 with interest from January 31, 1941. Jurisdiction of the court was admitted by the defendant.

2. Coca Cola Bottling Works, the plaintiff, was engaged in the bottling and distribution of Coca Cola, with plants in Nashville, Springfield, and Lebanon, Tennessee. Taxpayer was organized with a capital of $10,000, consisting of 100 shares of stock, which was never increased. It expanded its plant facilities from time to time from earnings. There was a steady increase in volume of business except during 1931, 1932 and 1933 when there was a substantial decline in volume. In 1934 and subsequent years the increase in volume steadily continued.

3. During 1936 and 1937, as well as prior thereto, plans were under consideration for an expansion of the Nashville plant at an estimated cost of approximately $250,000, and the building of a new plant at Springfield, Tennessee, at a substantial cost. The plan was to expand the Nashville plant and build the new plant at Springfield out of earnings and not by borrowing funds. These plans which were under consideration in 1936 and 1937 were actually carried out. During the years 1936–1941, inclusive, the taxpayer corporation spent $425,715.97 pursuant to this expansion program.

4. The following tabulation shows the profits of taxpayer corporation and the dividends paid during the period 1936–1941, inclusive:

| Year | Profit Before Taxes | Federal Taxes | Profit After Taxes | Dividends | Profit After Taxes |
|------|---------------------|---------------|--------------------|-----------|--------------------|
| 1936 | $362,600.35 | $62,365.69 | $300,234.66 | $230,000.00 | 76.61% |
| 1937 | 324,166.40 | 55,809.99 | 268,356.51 | 200,000.00 | 74.53 |
| 1938 | 342,821.07 | 53,736.91 | 289,084.16 | 275,000.00 | 95.13 |
| 1939 | 373,359.83 | 61,693.09 | 311,666.74 | 240,000.00 | 77.01 |
| 1940 | 356,389.32 | 83,733.36 | 272,655.96 | 200,000.00 | 73.35 |
| 1941 | 471,373.39 | 173,878.88 | 297,494.51 | 220,000.00 | 73.95 |

The total undistributed profits for the six years were $374,492.44. It thus appears that the taxpayer corporation expended for plant and equipment $51,223.53 more than the undistributed profits during this period.

5. During 1937 Mr. J. B. Weil, president of taxpayer corporation and owner of thirty-three shares of its capital stock, borrowed certain funds from the corporation and borrowed additional funds in 1938, all of which were repaid in 1939, in ample time to be used in connection with the expansion program. The amount owed by Mr. Weil to the corporation as of December 31, 1937 was $74,490.96 and the amount owed as of December 31, 1938 was $87,925.65. During this period Mr. Weil was ill, having suffered a stroke of paralysis in 1936. The court finds that these loans were fully repaid and did not indicate a purpose or intent to accumulate a surplus in the hands of the taxpayer corporation for the purpose of avoiding surtaxes upon Mr. Weil as a shareholder.

6. The court finds that the undistributed profits for the years 1936 and 1937 were accumulated for the purpose of the expansion program then under consideration, and that in neither of these years had the earnings or profits been permitted to accumulate beyond the reasonable needs of the business.

### Conclusions

1. Coca Cola Bottling Works was not formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting earnings or profits to accumulate instead of being distributed.

2. Plaintiff is entitled to a judgment in accordance with the prayer of the complaint and for the costs of the cause.

This the 1st day of February, 1944.